IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| M.S. and JACQUELINE SIMCHICK, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | 1:05cv1476(JCC) |
| FAIRFAX COUNTY SCHOOL BOARD ) ) | |
| Defendant. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiffs' motion for reconsideration of the Court's March 20, 2006 Memorandum Opinion and Order, which granted the majority of Defendants' motion to dismiss. For the following reasons, the Court will grant Plaintiffs' motion in part and deny it in part.

### I.  Background

On December 20, 2005, M.S., a minor, filed a seven-count complaint by and through his parents, Carl and Jacqueline Simchick, with Mrs. Simchick as his co-Plaintiff. Based on a series of events in which the Fairfax County public school system allegedly denied M.S. a free appropriate public education ("FAPE") and filed truancy charges against Mrs. Simchick, Plaintiffs asserted a variety of claims under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act, two provisions of the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983. On March 20,

2006, upon Defendants' motion, the Court dismissed the majority of Plaintiffs' claims.  This included Count III of Plaintiffs' complaint, which set forth Plaintiffs' retaliation claims under 42 U.S.C. § 12203, a portion of the ADA.  The Court concluded that Count III was time-barred with respect to Mrs. Simchick but that the applicable statute of limitations tolled for M.S., by virtue of Va. Code § 8.01-229(A).  Nevertheless, the Court dismissed Count III, finding that M.S. failed to state a claim.[1]

On April 10, 2006, Plaintiffs filed the instant motion for reconsideration.  Plaintiffs' motion is confined to the Court's dismissal of Count III.  Plaintiffs seek reinstatement of Count III with respect to both Mrs. Simchick and M.S.  This motion is currently before the Court.

## II.  Standard of Review

As there is no explicit provision in the Federal Rules of Civil Procedure governing motions for reconsideration of interlocutory orders, the Court will be guided Rule 59(e), which allows an aggrieved party to file a motion to alter or amend a judgment within ten days of its entry.  The Fourth Circuit has explained that "courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to

---

[1] Specifically, the Court recognized that after Mrs. Simchick's dismissal, all that remained of Count III was an allegation that Defendants denied M.S. a FAPE as a retaliatory action for his complaints that he was not receiving a FAPE.  The Court concluded that M.S.'s allegation was circular and insufficient to state a claim under 42 U.S.C. § 12203.

accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). The appropriateness of granting a motion to reconsider is within the sole discretion of the Court. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

### III.  Analysis

Plaintiffs raise several issues with respect to this Court's dismissal of Count III.  Plaintiffs argue that the Court's March 20, 2006 Memorandum Opinion is incorrect in its reasoning as to the date of accrual of their claim under 42 U.S.C. § 12203, as to the length of the statue of limitations applicable to their claim, and as to its dismissal of M.S.'s cause of action under 42 U.S.C. § 12203 for failure to state a claim.  The Court will address each contention in turn.

A.  Mrs. Simchick's Claims

In its prior Memorandum Opinion, the Court took note that the truancy charges were brought against Mrs. Simchick on December 26, 2002, and that Mrs. Simchick was found not guilty on January 27, 2003.  The Court then found January 27, 2003 to be "the latest possible date on which any claims based on the truancy charges accrued." *M.S. v. Fairfax County Sch. Bd.*, No. 05-1476, slip op. at 11 (E.D. Va. Mar. 20, 2006).  Plaintiffs argue that the Court failed to address a conflict between its

reasoning and a prior decision of this Court, *Bernard v. Sch. Bd. of the City of Norfolk*, 58 F. Supp. 2d 669 (E.D. Va. 1999). In *Bernard*, this Court dismissed claims filed under the Rehabilitation Act because they were not filed within one year of a state administrative review decision. *See id.* at 672. Plaintiffs argue that under *Bernard*'s reasoning, their ADA claims did not accrue until the state administrative process ceased on January 6, 2005, when the state hearing officer issued his decision.

The Court did not address *Bernard* in its prior opinion because it was unnecessary to do so. The statute of limitations applicable to Plaintiffs' claims regulate both the time in which Plaintiffs were required to initiate administrative proceedings and the time in which Plaintiffs were required to bring suit in federal court. *See Manning v. Fairfax Co. Sch. Bd.*, 176 F.3d 235, 238 (4th Cir. 1999). With respect to Plaintiffs' § 12203 claims, that statute of limitations was one year. *See M.S. v. Fairfax County Sch. Bd.*, No. 05-1476, slip op. at 9-10 (E.D. Va. Mar. 20, 2006). Upon liberally construing Plaintiffs' complaint, the Court selected January 27, 2003 as the "latest possible date" on which claims based on the truancy charges accrued. Plaintiffs did not seek any sort of administrative review until June 1, 2004. As Plaintiffs' claims were time-barred by their earlier

failure to timely seek administrative review, it was unnecessary for the Court to address *Bernard*.

Perhaps anticipating this outcome, Plaintiffs also argue that the retaliation claim did not accrue in January 2003, but rather on some later, undetermined date. According to Plaintiffs, Mrs. Simchick had no reason to know of the alleged unlawful intent underlying the truancy charges until a later date. *See Alldread v. City of Grenada*, 988 F.2d 1425, 1432 (5th Cir. 1993) ("the statute of limitations ought not to begin to run until facts supportive of the cause of action are or should be apparent to a reasonably prudent person similarly situated") (internal quotation marks and citations omitted).

A Fourth Circuit decision affirming the dismissal of a a race discrimination claim brought under 42 U.S.C. § 1981 dictates rejection of Plaintiffs' argument:

> [Plaintiff's] cause of action here accrued when she was denied promotion by CMH. It was then that she had knowledge about the harm done to her and by whom it was done, such that reasonable inquiry on her part, as to the race and gender of the individuals who received the promotions she was denied, would have revealed her cause of action. Hence, Vaughn's discovery of a discriminatory motive on June 23, 1999, is not relevant to the accrual of the limitations period and does not bring her action within the statute of limitations period in this case.

*Vaughn v. CMH Homes, Inc.*, 77 Fed. Appx. 660, 661 (4th Cir. 2003) (internal citations and footnote omitted). *See also Richards v. Fairfax County Sch. Bd.*, 798 F. Supp. 338, 340-41 (E.D. Va. 1992)

("The general rule under federal law is that EHA claims accrue when the parents know of the injury or the event that is the basis for their claim. The cause of action accrues when the plaintiffs learn of the injury, whether or not they [know] the injury [is] actionable.") (internal quotation marks and citations omitted; alterations in original).

Here, the adverse action occurred on December 26, 2002, when the truancy charges were filed against Mrs. Simchick. Despite this fact, the Court considered January 27, 2003 as the date of accrual, as Plaintiffs would have had an opportunity by then to observe the nature of and grounds for the truancy charges. At that point, Plaintiffs were on inquiry notice with the consequent duties to seek the details of the harm that were reasonably discoverable.[2] *See United States v. Kubrick*, 444 U.S. 111, 122-23 (1979); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995).

---

[2] The fact that Plaintiffs could have discovered the alleged retaliatory motive underlying the truancy charges through reasonable inquiry is confirmed by Plaintiffs' own complaint, which reads, in pertinent part:

> In March 2003, the Simchicks requested that the former FCPS Superintendent, Dr. Domenech, and the FCSB conduct an investigation into what the Simchicks believed to be a retaliatory action against Mrs. Simchick for her advocacy efforts to obtain an appropriate education for M.S. because FAPE was at issue. The superintendent and the school board refused to conduct an investigation.

(Compl. ¶ 103). By their own allegations, Plaintiffs had some reason to believe in the existence of a retaliatory motive a mere two months after the dismissal of the charges. This confirms that Plaintiffs were on inquiry notice.

Plaintiffs next attempt to rehash their argument that the two-year statute of limitations provided by the IDEA for requesting an administrative hearing applies to ADA claims based on alleged IDEA violations. Now, Plaintiffs also argue that the application of a one-year statue of limitations to IDEA-related ADA claims would contravene Congress's intent to expand the rights of parents under the IDEA. The IDEA statute of limitations provides as follows:

> A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, *or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows*.

20 U.S.C. § 1415(f)(3)(C) (emphasis added). As the Court stated in its March 20, 2006 Memorandum Opinion, the Virginia Rights of Persons with Disabilities Act provides an explicit, one-year statute of limitations for ADA claims. The Court interpreted § 1415(f)(3)(C) to mean that Congress did not intend to disturb the statute of limitations for ADA claims, even those based on alleged IDEA violations.

Plaintiffs do not refute the Court's reasoning or provide any compelling reason why the Court should reconsider its conclusion. As this Court has stated in the past, "[p]erhaps [the Plaintiff's] new brief was better than its former brief but that is not significant. Plaintiff improperly used the motion to

reconsider to ask the Court to rethink what the Court had already thought through--rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). In such circumstances, the Court will not grant a motion to reconsider.

B.  M.S.'s Claims

Plaintiffs seek reconsideration of the Court's decision to dismiss M.S.'s cause of action under Count III for failure to state a claim. In its March 20, 2006 Memorandum Opinion, after dismissing Mrs. Simchick's time-barred claims, the Court concluded that "what remains is M.S.'s claim that the local defendants denied him a FAPE as a retaliatory action for his complaints that he was not receiving a FAPE. This circular allegation is insufficient to state a claim under 42 U.S.C. § 12203." *M.S. v. Fairfax County Sch. Bd.*, No. 05-1476, slip op. at 14 (E.D. Va. Mar. 20, 2006). Plaintiffs now argue that Count III also stated a claim that Defendants retaliated against M.S. by filing the truancy charges against Mrs. Simchick.

This Court has, in the past, recognized the appropriateness of a motion to reconsider where the Court previously misunderstood a party or committed an error of apprehension. *See Above the Belt*, 99 F.R.D. at 101. In this case, the Court did not consider the fact that M.S.'s claim under Count III could be based on the truancy charges filed against his

mother.  In light of this misunderstanding and error of apprehension, the Court finds that Plaintiffs' motion for reconsideration is appropriate.

Defendants argue that the ADA does not permit a party to assert a retaliation claim based on allegedly adverse actions taken against another person in response to protected activity in which that other person engaged.  The Court disagrees.  In *Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999), the Fourth Circuit held that there was evidence sufficient to support an ADA retaliation claim where the plaintiff presented evidence of adverse action taken against her in retaliation for protected conduct engaged in by the plaintiff's mother.  *Id.* at 471 n.10.  As Defendants note, *Baird* does not go so far as to lend support to a cause of action based on adverse actions taken against someone other than the plaintiff for the other person's protected activity.  In this particular circumstance, however, retaliatory action taken against Mrs. Simchick would be, for all intents and purposes, taken against M.S. as well.  The Fourth Circuit has made clear that the child is the "real party in interest" in IDEA-related claims.  *See Emery v. Roanoake City Sch. Bd.*, 432 F.3d 294, 299 (4th Cir. 2005).  In other words, while the child's parents have "procedural rights to compel a school district's compliance with the IDEA, these rights stem solely from their disabled child's inability to pursue a remedy due to his incapacity." *Id.*  Where

retaliatory action is taken against the child's parent to dissuade that parent from exercising an IDEA right, it is the child that suffers. As such, M.S. can state a claim for adverse actions taken against his mother in alleged retaliation for his mother's protected activity.

Defendants also argue that Mrs. Simchick did not engage in any activity protected by the ADA, which is a prerequisite to an action under 42 U.S.C. § 12203. Defendants point to the fact that M.S. alleges only that Mrs. Simchick was exercising her rights under the IDEA. Again, the Court disagrees that M.S.'s allegations fail to state a claim. The ADA provides, in pertinent part:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in *or be denied the benefits of the services, programs, or activities of a public entity*, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132 (emphasis added). As Plaintiffs point out, the "services, programs, or activities" of Fairfax County include a school system required by federal and state law to comply with the IDEA. Thus, the benefits to which M.S. was entitled included the right to a FAPE, the right to exercise unilateral placement, and the right to have disputes resolved through an impartial due process hearing. These benefits are therefore protected by the ADA. Any retaliation against an individual because of his or her exercise or enjoyment of such rights would violate the ADA's

anti-retaliation provision.  Accordingly, M.S. stated a claim for violation of 42 U.S.C. § 12203 when he alleged that Defendants filed criminal charges against his mother in retaliation for her exercising her rights under the IDEA.

This brings the Court to Defendants' final argument. Defendants contend that M.S.'s allegations establish only that Mrs. Simchick was exercising her own rights under the IDEA and not any rights belonging to M.S.  Defendants rely on *Emery*, in which the Fourth Circuit held that a student suffered no injury-in-fact that was redressable under the IDEA where, after attaining adulthood, he sought reimbursement of educational expenses paid by his father's medical insurance.  *See* 432 F.3d at 299.  The Fourth Circuit emphasized that the party who actually expended resources to pay for the child's education was the appropriate party to bring a reimbursement claim.  *See id.*  As Mrs. Simchick was seeking reimbursement for her placement of M.S. into private education, Defendants argue that any possible retaliation was limited to her exercise of her own rights.

One factor underlying the Fourth Circuit's decision in *Emery* was that the plaintiff seeking reimbursement was, due to his age, no longer entitled to a FAPE.  *See id.* at 299.  In contrast, Mrs. Simchick sought not only the retrospective remedy that reimbursement would provide, but also prospective relief with regard to M.S.'s future education.  Thus, her activities

that allegedly led to the truancy charges directly implicated M.S.'s rights under the IDEA. *See id.* ("[T]he child has suffered the core injury [under the IDEA] when he is not furnished with an appropriate education.")

In its original Memorandum Opinion, the Court did not give full consideration to M.S.'s claim under Count III based on the truancy charges filed against his mother. Accordingly, the Court will reinstate Count III on this limited ground.

## IV.  Conclusion

For the foregoing reasons, the Court will deny Plaintiffs' motion for reconsideration in part and grant it in part. Count III will be reinstated to the extent that M.S. alleges a claim against the Fairfax County School Board for the allegedly retaliatory filing of criminal charges against his mother. An appropriate Order will issue.


May 17, 2006                          _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE