IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| M.S. and JACQUELINE SIMCHICK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:05cv1476 (JCC) ) |
| FAIRFAX COUNTY SCHOOL BOARD, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Plaintiffs' motion to defer proceedings on Defendant's motion for summary judgment. For the following reasons, the Court will grant Plaintiffs' motion.

### **I.  Background**

On December 20, 2005, M.S., a minor, filed a seven-count complaint by and through his parents, Carl and Jacqueline Simchick, with Mrs. Simchick as his co-Plaintiff. Based on a series of events in which the Fairfax County public school system allegedly denied M.S. a free appropriate public education ("FAPE") and filed truancy charges against Mrs. Simchick, Plaintiffs asserted a variety of claims under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act, two provisions of the Americans with

Disabilities Act ("ADA"), and 42 U.S.C. § 1983.  On March 20, 2006, upon Defendants' motion, the Court dismissed the majority of Plaintiffs' claims.

On April 10, 2006, Plaintiffs filed a motion for reconsideration, confined to the Court's dismissal of Count III.  The Court granted in part and denied in part the motion for reconsideration on May 17, 2006.  On July 10, 2006, the Fairfax County School Board filed a motion for summary judgment and noticed a hearing for the motion on July 28, 2006.  The discovery cut-off date is September 15, 2006.  On July 14, 2006, Plaintiffs filed a motion to defer proceedings on Defendant's motion for summary judgment.  This motion is currently before the Court.

## II.  Standard of Review

As a general rule, summary judgment is appropriate only after "adequate time for discovery."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 719 (4th Cir. 1991), *cert. denied,* 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992).  "[S]ummary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts

essential to justify the party's opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. Fed. R. Civ. P. 56(f).

The party opposing summary judgment bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact. *See Nguyen v. CNA Corp.,* 44 F.3d 234, 242 (4th Cir. 1995). "Vague assertions" that more discovery is needed are insufficient. *Id.* Courts, generally, place great weight on a Rule 56(f) affidavit, believing that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." *Evans v. Techs. Applications & Service Co.*, 80 F.3d 954, 961 (4th Cir. 1996) (quoting *Nguyen,* 44 F.3d at 242).

### III.  Analysis

Plaintiffs ask for a deferral of the proceedings on Defendant's motion for summary judgment on the grounds that the proceedings are premature or otherwise inappropriate at this time.  Plaintiffs divide their argument between the IDEA counts and the non-IDEA counts.  With respect to the non-IDEA counts, Plaintiffs ask for additional discovery specifically on the

retaliatory motives of the School Board and its agents.  Even more specifically, Plaintiffs outline the topic areas in which they will conduct discovery, including, *inter alia*, the extent to which improper considerations contributed to the School Board's decisions to deny M.S. adequate one-on-one services and to refuse to fund services at Lindamood-Bell.  Plaintiffs offer far more than mere vague assertions; the need for discovery is properly detailed.

As for the IDEA counts, Plaintiffs acknowledge that when an administrative hearing officer's decision is reviewed in a federal district court, the case is often decided on the administrative record.  (Plfs' Mot. 2-3.)  Yet, Plaintiffs contend that the IDEA allows the administrative record to be expanded before a court makes a decision.  The IDEA provides that the court shall receive the records of the administrative proceedings and "shall hear additional evidence at the request of a party."  20 U.S.C. § 1415(i)(2)(C)(ii).  The Fourth Circuit has interpreted this language as generally requiring a party to seek leave of court to submit such evidence.  *See Springer v. Fairfax Country School Board*, 134 F.3d 659, 667 (4th Cir. 1998).  Accordingly, Plaintiffs represent that they have asked this Court for leave to submit additional evidence in a motion to be heard by Magistrate Judge Poretz on July 28, 2006.  Plaintiff outlines

the additional evidence they will seek to introduce within the present motion.

Defendant opposes the motion in a lengthy filing in which it highlights the thoroughness of the administrative record and the voluminous record already established.  Defendant also alleges that Plaintiffs have been unwilling to conduct discovery for the duration of this matter and suggests that the present desire to conduct discovery is an attempt to prolong this litigation.  Also citing *Springer,* Defendant contends that Plaintiffs have not met the high standard for introducing additional evidence in IDEA cases.  *See Springer*, 134 F.3d at 667.  The portions of *Springer* cited by Defendant emphasize that federal court review should not become an unrestricted trial de novo and that a lengthy process of review should be considered in light of its service to the student.  (Def's Mot. 10.)

In the interest of judicial economy and in light of the specificity of the requests Plaintiffs have presented, this Court will grant Plaintiffs' motion to defer the proceedings on Defendant's motion for summary judgment, pending the additional discovery as stated in Plaintiffs' motion.  The Court is always best equipped to decide a motion for summary judgment with a substantial, generally complete record.  The Court takes heed of the guidance announced in *Springer* about advancing the aims of Congress and service to the student by limiting a lengthy review

process.  The Court also desires to curb any unnecessary expense for the parties as a result of the discovery process.  However, the Court finds no harm in deferring the current proceedings as requested by Plaintiffs.

### IV.  Conclusion

For the foregoing reasons, the Court will grant Plaintiffs' motion to defer proceedings on Defendant's motion for summary judgment.  An appropriate Order will issue.

```
July _24, 2006                        _____/s/_____
Alexandria, Virginia                          James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE
```