```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

M.S. and JACQUELINE            )
SIMCHICK,                      )
                               )
          Plaintiffs,          )
                               )
     v.                        )     1:05cv1476(JCC)
                               )
FAIRFAX COUNTY SCHOOL BOARD    )
                               )
          Defendant.           )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's objections to the Magistrate Judge's July 28, 2006 Order granting Plaintiffs' motion to expand the administrative record. For the following reasons, the Court will sustain Defendant's objections in part and overrule them in part.

### I.  Background

On December 20, 2005, M.S., a minor, filed a seven-count complaint by and through his parents, Carl and Jacqueline Simchick, with Mrs. Simchick as his co-Plaintiff. Based on a series of events in which the Fairfax County public school system allegedly denied M.S. a free appropriate public education ("FAPE") and filed truancy charges against Mrs. Simchick, Plaintiffs asserted a variety of claims under the Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act, two provisions of the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983. These events

began in June 2002, when the Simchicks rejected the individualized education plan ("IEP") created for M.S. for the 2002-03 school year, removed him from the Fairfax County Public Schools, and placed him at the Lindamood-Bell Center ("Lindamood") in Washington, D.C.  In June 2004, the Simchicks requested an administrative hearing pursuant to the IDEA, at which they sought public funding for the Lindamood placement and a determination that the IEPs offered for 2002-03, 2003-04, and 2004-05 were inadequate.  In October, 2004, a hearing officer conducted a seven-day evidentiary hearing.  On January 6, 2005, the hearing officer issued an opinion finding, *inter alia*, that the IEPs offered by Fairfax County failed to provide sufficient defined one-on-one instruction and that Lindamood did not offer M.S. an appropriate education.  Consequently, the hearing officer denied the Simchicks' claim for public funding of the Lindamood placement, and this action followed.

On July 20, 2006, Plaintiffs filed a motion to expand the record beyond that which was developed at the administrative hearing.  Plaintiffs' motion described eight categories of additional evidence: (1) M.S.'s twelfth grade IEP/extended school year ("ESY") documentation and related documents ("Exhibit 316"[1]); (2) recordings of meetings pertaining to M.S.'s twelfth

---

[1] On August 7, 2006, Plaintiffs filed their additional evidence, which was separated into seven different exhibits.  For purposes of clarity, the eight categories of evidence discussed in Plaintiffs' motion to expand the administrative record will hereinafter be referenced by exhibit number.

grade IEP/ESY ("Exhibit 317"); (3) other evidence concerning M.S's performance and progress at Lindamood and other service providers since the administrative hearing ("Exhibit 318"); (4) an expert declaration on the appropriateness and relevance of standardized test scores as a means of measuring M.S.'s educational progress ("Exhibit 319"); (5) an expert evaluation and declaration on M.S.'s vocational abilities and whether vocational services are necessary to establish an appropriate education ("Exhibit 319"); (6) a complete set of the complaints that were filed with the Virginia Department of Education ("VDOE"), including all related correspondence, regarding M.S. ("Exhibit 320"); (7) the findings and all documents related to the United States Department of Education ("USDOE") determination that Defendant failed to maintain or provide access to M.S.'s education records from 2002 until 2004 ("Exhibit 321"); and (8) any prior written notices that Defendant provided regarding M.S., including any related correspondences regarding these notices ("Exhibit 322"). (*See* Pls.' Mot. to Expand the Record, at 6-9.)

At the hearing on this motion on July 28, 2006, Magistrate Judge Poretz granted Plaintiffs' motion in its entirety. Judge Poretz entered an Order on August 4, 2006 expressly limiting the expansion of the record to the eight categories defined in Plaintiffs' motion to expand. On the same date, Defendant filed written objections to Judge Poretz's Order,

seeking to preclude the admission of the majority of the evidence cited in the Magistrate Judge's Order.  Defendant's objections are currently before the Court.

## II.  Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on a nondispositive matter.  Fed. R. Civ. P. 72(a).  *See also* 28 U.S.C. § 636(b)(1)(A).  The standard set forth therein grants the reviewing court the ability to modify or set aside any portion of the magistrate judge's order that is found to be "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  *See also* 28 U.S.C. § 636(b)(1)(A).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  *See also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985).  A magistrate judge's decision to admit or exclude evidence is properly characterized as a nondispositive matter and is governed by this "clearly erroneous or contrary to law" standard.  *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. Partnership*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

### III. Analysis

The IDEA provides that in any civil action in which review of an administrative hearing is sought, the court "shall receive the records of the administrative proceedings [and] shall hear additional evidence at the request of a party . . . ." 20 U.S.C. § 1415(i)(2)(C). Interpreting the meaning of "additional evidence," the Fourth Circuit has held that "the exclusion of 'testimony from all who did, or could have, testified before the administrative hearing' would be 'an appropriate limit in many cases.'" *Springer v. Fairfax County School Bd.*, 134 F.3d 659, 667 (4th Cir. 1998) (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984)). Given that the Fourth Circuit has explicitly adopted the approach taken by the First Circuit in *Burlington*, *see id.*, an examination of *Burlington* is in order.

In *Burlington*, the First Circuit addressed the meaning of the "additional evidence" provision of the IDEA's predecessor statute. The court held as follows:

> We construe "additional" in the ordinary sense of the word, to mean supplemental. Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional." We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceeding
> . . . .

*Burlington*, 736 F.3d at 790 (internal citations and footnotes omitted) (quoted in *Springer*, 134 F.3d at 667).  The First Circuit went on to state that the reasons for supplementation "might include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing."  *Id.*  Nevertheless, "the source of the evidence generally" and "the starting point for determining what additional evidence should be received" is the administrative hearing record.  *Id.*  With these principles in mind, the Court will turn to each exhibit to which Defendant objects.

A.  Exhibit 319:  Expert Evaluation & Declaration

Plaintiffs seek to supplement the administrative record with the expert declaration of Dr. Syd Brown, a clinical psychologist.  In this declaration, Dr. Brown opines on the appropriateness of using standardized testing to indicate M.S.'s educational progress, as well as the need for vocational training in M.S.'s IEPs.  Plaintiffs have offered Dr. Brown's declaration to: (1) refute Defendant's position that standardized testing is required to develop M.S.'s IEPs and evaluate his progress at Lindamood; and (2) illuminate whether Defendant's proposed vocational training will be adequate for M.S. in light of his progress to date.

It appears that there was ample testimony presented at the administrative hearing about the appropriateness of standardized testing and M.S.'s need for vocational training. In fact, the vast majority of Dr. Brown's declaration either summarizes or critiques various test results, expert reports, and other evidence that was available before the October 2004 administrative hearing. In short, Plaintiffs have failed to present a persuasive reason why Dr. Brown's analysis could not have been presented at the administrative hearing. The declaration should therefore be excluded under the *Springer* standard.

B. <u>Exhibits 320 and 321:  VDOE Complaints, USDOE Determinations, and Related Documents</u>

Exhibit 320 includes a complete set of the complaints filed by the Simchicks with the VDOE, as well as all related documents. The Simchicks attempted to introduce these documents at the administrative hearing, at which time the hearing officer excluded them. Plaintiffs now claim that this exclusion was erroneous and seek to supplement the administrative record with these documents. Exhibit 321 includes documents pertaining to the USDOE's determination that Defendant failed to maintain or provide access to M.S.'s education records from 2002 until 2004, as well as all related documents. The USDOE reached its determination after the administrative hearing in this matter, and Plaintiffs seek to supplement the administrative record with

these documents. Both Exhibit 320 and Exhibit 321 are offered to establish that Defendants committed various procedural violations of the IDEA.[2]

The procedures followed when the VDOE accepts a complaint, conducts an investigation, and issues findings demonstrate that the administrative hearing officer acted properly in excluding the material now included in Exhibit 320. Under these procedures, a parent submits a written complaint, and the school system is given the opportunity to submit a written response. The VDOE conducts no evidentiary hearing, however, and bases its findings of fact upon what the parties have alleged in the complaint and response, as well as any investigation that may have been conducted. *See* 8 Va. Admin. Code § 20-80-78(C)(4). In sum, the letter of findings issued by the VDOE after a complaint is replete with hearsay. Thus, in the Court's view, the administrative hearing officer acted properly in excluding the material in Exhibit 320.

A review of the documents offered in Exhibit 321 reveals that they suffer from the same infirmities. Thus, although the USDOE's determinations were reached after the

---

[2]The Fourth Circuit has recognized that a failure to comply with the IDEA's procedural requirements can be a sufficient basis for holding that a government entity denied a student a FAPE, if "the violation actually interfered with the provision of a FAPE to the disabled child." *Dibuo v. Bd. of Educ. of Worcester County*, 309 F.3d 184, 190 (4th Cir. 2002).

administrative hearing,[3] they too must be excluded from the present proceeding.

C. Exhibit 322:  Prior Written Notices

Plaintiffs also seek to supplement the administrative record with a Prior Written Notice, which is a document issued by a school board stating its basis for refusing a parent's request, along with related correspondence.  The Notice is dated June 9, 2005, well after the October 2004 administrative hearing.  Clearly, this evidence could not have been offered in the administrative proceedings and is proper additional evidence.

Exhibit 322 also includes a letter dated June 22, 2005 and written by Mrs. Simchick.  A review of the letter indicates that it is not a prior written notice, but rather Mrs. Simchick's argumentative recapitulation of issues concerning the IEP.  Further, this letter suffers from the same hearsay deficiencies as the material contained within Exhibits 320 and 321.  Accordingly, the Court will exclude the June 22, 2005 letter contained within Exhibit 322.

---

[3] Although the USDOE's findings occurred after the administrative hearing, the matters resolved therein are duplicative of evidence contained in the administrative record.  The Simchicks' complaints to the USDOE centered on events that took place between 2002 and 2004.  With respect to these alleged IDEA procedural violations, as well as those charged in the VDOE complaints, the Simchicks presented testimony and exhibits at the administrative hearing.  Indeed, the administrative hearing officer addressed these claims in his opinion, concluding that some procedural violations existed but that such violations did not deny M.S. a FAPE.

D.  Evidence Pertaining to Post-Hearing Materials

Defendant broadly objects to Plaintiffs' attempt to supplement the administrative record with any materials pertaining to school years and IEPs taking place after the due process hearing, with the exception of the IEP implementing the hearing officer's decision.  Defendant claims that Plaintiff's complaint in this action raises a limited issue, namely, whether the March/April 2005 IEP properly implemented the hearing officer's decision.  As such, Defendant argues that evidence pertaining to any subsequent IEPs or school years would be irrelevant to the claims raised in the complaint.  Additionally, Defendant contends that such evidence has not been exhausted through the administrative process.  The Court will address the latter contention first.

As Defendant notes, the Fourth Circuit has held that "[w]hen parents of a disabled child challenge multiple IEPs in court, they must have exhausted their administrative remedies for each academic year in which an IEP is challenged."  *MM v. Sch. Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir. 2002).  In this case, however, Plaintiffs are not seeking to challenge the IEPs promulgated after the hearing officer's decision; rather, Plaintiffs challenge the hearing officer's determination that they are not entitled to reimbursement for M.S.'s placement at Lindamood.  Plaintiffs have consistently asserted this claim

for reimbursement with the issuance of each new IEP. According to the Fourth Circuit, "reexhaustion [is] inconsistent with the statutory scheme when the complaint remains the same though the IEPs change." *Devries v. Spillane*, 853 F.2d 264, 267 (4th Cir. 1988). Accordingly, Plaintiffs are entitled to present evidence pertaining to post-hearing IEPs without exhausting the administrative process that would be required to raise an IDEA challenge to these IEPs.

Furthermore, the relief sought by Plaintiffs may require the Court to grant prospective reimbursement, which would necessitate the review of whether Lindamood was an appropriate placement during the post-hearing time period and whether the recommendations in the IEPs were adequate to offer M.S. a FAPE. In this regard, evidence of post-hearing IEPs and M.S.'s progress subsequent to the hearing is decidedly relevant and is properly appended to the administrative record. *See, e.g.*, *Justin G. v. Bd. of Educ. of Montgomery County*, 148 F. Supp. 2d 576, 585 (D. Md. 2001) (holding that evidence of a recent placement "properly supplements the record by giving the Court a complete picture of the child's needs and whether [the new placement] could meet his special needs").

## IV.  Conclusion

For the foregoing reasons, the Court will sustain Defendant's objections in part and overrule them in part.

Plaintiffs will be permitted to supplement the administrative record with all of the evidence that they have presently submitted to the Court, with the exception of the materials included in Exhibits 319, 320, and 321, and the June 22, 2005 letter contained within Exhibit 322.  An appropriate Order will issue.


August 11, 2006                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE